I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID, TO ~~ALL COUNSEL~~ Petitioner (OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: 12-12-12

DEPUTY CLERK

FILED
CLERK, U.S.D.C. SOUTHERN DIVISION
DEC 12 2012
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD S. KINDRED,<br><br>Petitioner,<br><br>vs.<br><br>CA SUPERIOR COURT, COUNTY OF ORANGE,<br><br>Respondent. | Case No. SACV 12-2116-ABC (RNB)<br><br>ORDER TO SHOW CAUSE |

Petitioner currently is incarcerated at Coalinga State Hospital, awaiting a trial in Orange County Superior Court on a petition for commitment as a sexually violent predator ("SVP") under California's Sexually Violent Predator Act (Cal. Welf. & Inst. Code §§ 6600 et seq.). On November 30, 2012, petitioner filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241[1] in the United States District Court for the Eastern District of California. Since the Petition on its face purported to challenge court proceedings in Orange County, the action was transferred to the Central District of California and filed here on December 6, 2012.

---

[1] 28 U.S.C. § 2241(c)(3) empowers a district court to issue a writ of habeas corpus before a judgment is entered in a criminal proceeding. See McNeely v. Blanas, 336 F.3d 822, 824 n.1 (9th Cir. 2003).

1

Although the Petition contains three grounds for relief, the third ground is directed to the conditions of confinement to which petitioner has been subjected when making appearances in Orange County Superior Court and is not properly included in a habeas petition. See Crawford v. Bell, 599 F.2d 890, 891 (9th Cir. 1979) ("[T]he writ of habeas corpus is limited to attacks upon the legality or duration of confinement."). In his other two grounds for relief, petitioner is claiming that the trial court erred in denying his motion for substitution of counsel (known in California as a "Marsden motion") and that his Sixth Amendment right to self-representation has been violated.

As a general proposition, a federal court will not intervene in a pending state criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. See Younger v. Harris, 401 U.S. 37, 45-46, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971); see also Fort Belknap Indian Community v. Mazurek, 43 F.3d 428, 431 (9th Cir. 1994) (abstention appropriate if ongoing state judicial proceedings implicate important state interests and offer adequate opportunity to litigate federal constitutional issues), cert. denied, 516 U.S. 806 (1995). "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." Drury v. Cox, 457 F.2d 764, 764-65 (9th Cir. 1972); see also Carden v. Montana, 626 F.2d 82, 83-84 (9th Cir.), cert. denied, 449 U.S. 1014 (1980). Moreover, the law is well established that the doctrine also applies to pending state civil proceedings, when important state interests are at stake. See, e.g., Moore v. Sims, 442 U.S. 415, 423, 99 S. Ct. 2371, 60 L. Ed. 2d 994 (1979) (pending child custody proceeding); Huffman v. Pursue, Ltd., 420 U.S. 592, 604, 95 S. Ct. 1200, 43 L. Ed. 2d 482 (1975) (pending nuisance action).

Younger abstention is appropriate in favor of a state proceeding if three criteria are met: (1) the state proceedings are ongoing; (2) the proceedings implicate

1 important state interests; and (3) the state proceedings provide an adequate
2 opportunity to litigate the plaintiff's federal constitutional claims. See <u>Middlesex</u>
3 <u>County Ethics Comm. v. Garden State Bar Ass'n</u>, 457 U.S. 423, 432, 102 S. Ct. 2515,
4 73 L. Ed. 2d 116 (1982); <u>Kenneally v. Lungren</u>, 967 F.2d 329, 331-32 (9th Cir. 1992),
5 <u>cert. denied</u>, 506 U.S. 1054 (1993); <u>Partington v. Gedan</u>, 880 F.2d 116, 121 (9th Cir.
6 1989), <u>cert. denied</u>, 497 U.S. 1038 (1990).

7     Here, it appears to the Court that all three criteria for <u>Younger</u> abstention are
8 met. First, petitioner's SVP proceeding is ongoing in that petitioner still is awaiting
9 trial. Second, the ongoing SVP proceeding does implicate important state interests.
10 In enacting California's Sexually Violent Predator Act, the California Legislature
11 indicated that the state had an interest in identifying sexually violent predators with
12 diagnosable mental disorders while they were incarcerated as these persons were not
13 safe to be at large and if released represented a danger to the health and safety of
14 others in that they were likely to engage in acts of sexual violence. See Historical and
15 Statutory Comments to Cal. Welf. & Inst. Code § 6600. As the California Supreme
16 Court observed in <u>Hubbart v. Superior Court</u>, 19 Cal. 4th 1138, 1153 n.20, 81 Cal.
17 Rptr. 2d 492, 969 P.2d 584 (1999), "The problem targeted by the act is acute, and the
18 state interests--protection of the public and mental heath treatment--are compelling."

19     In considering the third factor, the Supreme Court has noted that "where vital
20 state interests are involved, a federal court should abstain 'unless state law clearly
21 bars the interposition of the constitutional claims.'" <u>Middlesex</u>, 457 U.S. at 432.
22 "'[T]he ... pertinent inquiry is whether the state proceedings afford an adequate
23 opportunity to raise the constitutional claims ....'" <u>Id.</u> (quoting <u>Moore</u>, 442 U.S. at
24 430). Here, petitioner's claims are directed to the legality of the pending SVP
25 proceeding. Accordingly, the Court fails to see why those claims cannot be
26 adequately addressed by the trial court (to the extent that the trial court has not
27 already rejected them), or adequately addressed on appeal if an adverse final
28 judgment is reached in the pending SVP proceeding. See, e.g., <u>In re Smith</u>, 42 Cal.

1  4th 1251, 73 Cal. Rptr. 3d 469, 178 P.3d 446 (2008) (petitioner raising equal
2  protection claim challenging continuation of SVP proceedings, when the felony
3  conviction that was the basis of his custody at the time the SVP proceedings were
4  commenced was reversed on appeal); People v. Taylor, 174 Cal. App. 4th 920, 94
5  Cal. Rptr. 3d 756 (2009) (appellant raising due process, equal protection, double
6  jeopardy, and ex post facto claims); People v. Hubbart, 88 Cal. App. 4th 1202, 106
7  Cal. Rptr. 2d 490 (2001) (appellant claiming inter alia a due process violation on the
8  basis that he was not in lawful custody at the time the SVP commitment petition was
9  filed); People v. Buffington, 74 Cal. App. 4th 1149, 88 Cal. Rptr. 2d 696 (1999)
10 (appellant raising ex post facto, double jeopardy, due process and equal protection
11 claims).

12     The Court also notes that other federal courts similarly have concluded that
13 Younger abstention applies to SVP proceedings. See, e.g., Rhoden v. Mayberg, 361
14 Fed. Appx. 895, 896 (9th Cir. 2009) (now citable for its persuasive value pursuant to
15 Ninth Circuit Rule 36-3) ("These state civil commitment proceedings are judicial in
16 nature, implicate important state interests, and afford [the petitioner] an adequate
17 opportunity to litigate his federal claims."); Miller v. Cate, 2011 WL 4457666, at *4
18 (E.D. Cal. Sept. 23, 2011); Shehee v. Baca, 2009 WL 838172, at *1-*2 (C.D. Cal.
19 Mar. 30, 2009); Clemons v. Kramer, 2008 WL 3833416, at *3-*5 (C.D. Cal. Aug.15,
20 2008); Dannenberg v. Nakahara, 1998 WL 661467, at *2 (N.D. Cal. Sept. 22, 1998).

21     Moreover, even if petitioner did present the same claims he now is raising
22 herein to the California Supreme Court in the Petition for Review of the Court of
23 Appeal's denial of his writ of mandate petition that petitioner attempted to file on
24 November 19, 2012, abstention still would be appropriate. See Drury, 457 F.2d at
25 765 (exhaustion of federal issue insufficient if criminal proceedings through direct
26 appeal not yet complete); Murphy v. Wilson, 409 F.2d 840, 841 (9th Cir. 1969)
27 (exhaustion requirement not satisfied until the state appeal proceedings have been
28

completed and a final state judgment has been entered).[2]

Accordingly, on or before **January 14, 2013**, petitioner is ordered to show cause, in writing, why this action should not be summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts without prejudice to refiling after petitioner's SVP proceedings, including appeal, are completed, and petitioner has exhausted his state remedies.

DATED: December 11, 2012

/s/ Robert N. Block

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

---

[2] Although there is no exhaustion requirement for a petition brought under 28 U.S.C. § 2241(c)(3), principles of federalism and comity require that a district court abstain until all state criminal proceedings are completed and the petitioner exhausts available judicial state remedies, unless the petitioner can show that special circumstances warrant federal intervention prior to the state criminal trial. See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489, 93 S. Ct. 1123, 35 L. Ed. 2d 443 (1973); Carden, 626 F.2d at 83-84.